IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| ASHFORD BUCKS COUNTY, LLC<br><br>v.<br><br>444 OXFORD VALLEY ROAD TRUST, LLC | CIVIL ACTION<br><br>NO. 16-5592 |
|---|---|

## MEMORANDUM RE: PARTIAL MOTION TO DISMISS

**Baylson J.**                                                                                                                                                                                                       **February 10, 2017**

      In this case, Plaintiff Ashford Bucks County, LLC alleges that Defendant 444 Oxford Valley Road Trust, LLC breached a contract to pay the electricity fees associated with Defendant's property unit within a condominium association. We consider now Defendant's Motion to Dismiss Count I of the Complaint. Because Plaintiff has adequately alleged a claim for breach of contract under Pennsylvania law, we deny Defendant's motion.

### I.    Facts and Procedural History

      Taking all facts averred in Plaintiff's complaint as true, they are as follows. Plaintiff and Defendant are both members of a two-unit condominium association in Bucks County, Pennsylvania. ECF No. 1, Complaint ¶¶ 5-6. Defendant became a member in September 2015 when it purchased an office building unit within the condominium, while Plaintiff has owned and operated a hotel unit therein for some unstated, but longer, amount of time. Id. ¶¶ 6, 10. The condominium's bylaws state that unit owners are responsible for a pro rata portion of utility payments for the common areas, and for the entire amount of utility payments for their separate units. Id. ¶ 7. The units are not separately metered. Id. ¶ 8. Throughout Plaintiff's ownership of the hotel unit, it paid the electric fees for the entire property and then remitted invoices to each

1

unit owner requesting payment for the owners' share of the common areas' fees and for the entirety of the individual unit's fees.  Id. ¶ 8.

Upon Defendant's purchase of the office unit, problems arose between the two parties regarding the payment of the electric fees.  Id. ¶¶ 11-12.  Specifically, Defendant raised concerns "questioning the rates being charged and whether the percentage assessment for the office unit was accurate."  Id. ¶ 11.  Nevertheless, Defendant continued to make payments to Plaintiff until January 2016, at which point Defendant halted all utility payments to Plaintiff.  Id. ¶ 12.  As of August 2016, Plaintiff had paid $112,926.57 in electric fees on behalf of Defendant, and these fees are still accruing.  Id. ¶ 14.

Plaintiff filed suit against Defendant on October 26, 2016 (ECF No. 1), alleging two counts: (1) breach of contract, and (2) unjust enrichment.  Defendant moved for dismissal of Count I of Plaintiff's Complaint on November 22, 2016 (ECF No. 5).  Plaintiff responded on November 30, 2016 (ECF No. 7), and Defendant replied on December 7, 2016 (ECF No. 9).

## II.   Legal Standard

In considering a motion to dismiss under Rule 12(b)(6), "we accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff.  Warren Gen. Hosp. v. Amgen, Inc., 643 F.3d 77, 84 (3d Cir. 2011) (internal quotation marks and citations omitted).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

The Court in Iqbal explained that, although a court must accept as true all of the factual allegations contained in a complaint, that requirement does not apply to legal conclusions; therefore, pleadings must include factual allegations to support the legal claims asserted.  Id. at

678, 684. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678 (citing Twombly, 550 U.S. at 555); see also Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) ("We caution that without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests.") (citing Twombly, 550 U.S. at 556 n.3). Accordingly, to survive a motion to dismiss, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

### III. Discussion

In Count I, Plaintiff asserts that Defendant breached a contract it had with Plaintiff to pay for its proportional share of electric fees for the common areas of the condominium and for the entirety of the electric fees for Defendant's individual unit. Defendant's only ground for dismissal is that Plaintiff has not adequately alleged the existence of a contract between the parties for the payment of electric fees. Because we find that Plaintiff has sufficiently pled the existence of such a contract, we deny the motion.

Plaintiff clarifies in its Response that it alleges the existence of an implied, rather than express, contract. See Pl.'s Response at 1. Whereas the terms of an express contract are specifically communicated orally or in writing, the terms of an implied contract are "inferred from the conduct of the parties in light of the surrounding circumstances, including the course of dealing." Crawford's Auto Ctr., Inc. v. Com., Pa. State Police, 655 A.2d 1064, 1066 (Pa. Commw. Ct. 1995). There is no difference in legal effect between an express and an implied contract; rather, the distinction between the two types of agreement lies "merely in the mode of manifesting assent." Id. (quoting Restatement Second of Contracts § 4 cmt. a (1981)).

Plaintiff's allegation of the existence of an implied contract primarily rests on the "custom and pattern of dealing of the parties;" namely, the five month period during which Defendant owned the unit and paid Plaintiff its share of the electric fees, as calculated by Plaintiff. Cmplt. ¶¶ 10-11; Pl.'s Response at 5. Defendant, on the other hand, contends that the "continuous disagreement" that existed between the parties during that time period regarding "the provision of electricity, the amount of electricity used, and the price to be paid," belies the existence of an agreement. Def.'s Reply at 3. The cases Defendant cites for this point are factually inapposite. For example, in AmeriPro Search, Inc. v. Fleming Steel Co., 787 A.2d 988 (Pa. Super. Ct. Nov. 16, 2001), the court found there was no implied-in-fact contract where the defendant "repeatedly stated its refusal of [the plaintiff's] fee" because no agreement could be inferred from the parties' conduct regarding the fee to be paid, "a material element of the arrangement." Id. at 991. That stands in contrast to the instant case, where there was no "repeated[] . . . refusal" by Defendant to pay Plaintiff but rather a "questioning [of] the rates being charged and whether the percentage assessment for the office unit was accurate." Complt. ¶ 11. Taking as true all of Plaintiff's averments, Defendant established a pattern and practice of paying the fees, as calculated by Plaintiff, during that five month time period, and it is immaterial whether Defendant complained as it did so.

Plaintiff's claim is further bolstered by its assertion that the condominium's bylaws require each unit owner to pay the fee responsibilities laid out above. At this stage of the litigation, we accept as true Plaintiff's allegation, notwithstanding Plaintiff's failure to attach the bylaws to the Complaint. Jones v. Select Portfolio Servicing, Inc., No. 08-972, 2008 WL 1820935, at *4 (E.D. Pa. Apr. 22, 2008) (stating that under Federal Rule of Civil Procedure 8, a plaintiff may assert the existence of a written contract "by pleading it according to its legal

4

effect; . . . [a] plaintiff is not required to attach the subject contract to the complaint or plead its terms verbatim in order to state a claim"). Thus, Plaintiff's averment that the condominium's bylaws support the existence of a contract provides further support for the claim.

### IV. Conclusion

For the above reasons, Plaintiff has adequately alleged a breach of contract claim under Count I, and Defendant's Motion to Dismiss is denied.

O:\Cecily.2016\Ashford Bucks v. 444 Oxford Valley (16-5592_\Memo re MTD.docx